Peter R. Afrasiabi (Bar No. 193336)
E-mail: pafrasiabi@onellp.com
John Tehranian (Bar No. 211616)
E-mail: jtehranian@onellp.com
Nima Kamali (Bar No. 294401)
E-mail: nkamali@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, California 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

Attorneys for Plaintiff,
Justin Green

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN GREEN,<br><br>            Plaintiff,<br><br>      v.<br><br>BRIGHTESTYOUNGTHINGS.COM; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Justin Green ("Plaintiff"), by and through his attorneys of record, complains against Brightestyoungthings.com ("BYT") and DOES 1 through 10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that Defendants may be found and transact business in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff Justin Green is an individual who resides in the United Kingdom. Plaintiff is the owner of the copyright to the photograph at issue herein.

4. Plaintiff is informed and believes and, upon such, alleges that Defendant BYT is a Washington, D.C. corporation with headquarters in Washington, D.C. and offices in Washington, D.C and New York, New York. Amongst other things, Defendant BYT, with its commercial website that lies at the most interactive end of the *Zippo* spectrum in terms of its overall design, use, and functionality, has engaged in direct, contributory, vicarious, and/or otherwise induced copyright infringement in this judicial district. BYT often covers stories that arise in California, regularly relying on California sources and materials and targeting a California audience. Further, Defendants have engaged in continuous and systematic business with California residents and, upon information and belief, derive substantial revenues from commercial activities in and/or related to California. Plaintiff is informed and believes and, upon such, alleges that Defendants have also engaged in a multiplicity of acts directed toward California, including without limitation: soliciting, engaging, and encouraging numerous commercial transactions with and/or by California

users, operating a highly interactive website that encourages California users to purchase goods and services in the relevant markets focused on by Defendants, and using the lure of infringing materials to openly encourage California users to visit BYT's website.  BYT is doing business under the names "Brightestyoungthings.com" and "BYT Media, Inc." as the sole owner and operator of the Internet website located at http://brightestyoungthings.com.  On that website, BYT presents itself as "a web magazine and event production/experiential marketing agency based in Washington, DC and NYC."

5. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.  Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

**A.**   *The Photo at Issue in This Dispute*

6. Justin Green is a professional photographer with many years of experience.  While Green lives in the United Kingdom, his portfolio boasts images captured from around the globe.  His success is largely due to his keen eye for the urban and abstract peculiarities of our world that go unnoticed and unappreciated by passersby every day.

7. When it first opened its doors for business on August 22, 1958, Ben's Chili Bowl ("Ben's") was little more than a local place to grab a bowl of chili.  Today, the restaurant is a Washington, D.C. landmark.  Due to the unforgettable eating experience it offers, Ben's has gained nationwide fame and served some of the biggest celebrities of the past few decades.  Over the years, the crowd of Ben's patrons has included the likes of Cab Calloway, Ella Fitzgerald, Duke Ellington, and Nat King Cole.  More recently, the restaurant has served such notable figures as President Barack Obama and Bill Cosby.  Ben's has even been featured on "No Reservations" and "Man v. Food," two extremely

popular television shows on the Travel Channel that highlight noteworthy restaurants around the world.

8. Included in Green's collection is the intriguing photograph at issue in this matter ("the Photo"), which depicts the famous Ben's entrance signage. The photograph captures the signage at an interesting angle, perfectly conveying the humble grandeur of the restaurant and making the photo particularly appealing. Green is the author of the Photo, which was registered with the United States Copyright Office on October 22, 2012. The Photo is attached hereto as **Exhibit A**.

**B.**     *The Defendants and their Infringement*

9. Plaintiff is informed and believes and, upon such, alleges that, under the names "BYT Media, Inc." and "Brightestyoungthings.com," Defendant BYT owns and operates a commercial website located at http://brightestyoungthings.com ("the Website") that prides itself on "bridging the gap between online and real life."

10. BYT states on the Website that it is a "web magazine and event production/experiential marketing agency based in Washington, DC and NYC." In reality, BYT is much more than that. Forbes has called BYT "the go-to place for the hippest trends, spots and all around fun events occurring across DC." Ms. Svetlana Legetic, co-founder and editor-in-chief of BYT, told Forbes that BYT chose Washington D.C. as a homebase because the region lacked the kind of coverage BYT aimed to offer. She also told Forbes that D.C. "has become a true foodie town . . . . [W]e feel these people were here all the time, they just needed more platforms for their work to be visible and therefore sustainable." Refinery29, the self-proclaimed largest independent fashion and style website in the United States, has called BYT "a digital empire, ruling the D.C. party scene by simultaneously covering what's happening and staging wildly popular parties under the BYT banner." BrandLinkDC, a public relations and events company based in D.C., says Ms. Legetic has "built a mini-empire."

/ / /

/ / /

11.     BYT's press coverage has hardly been free of criticism, however.  Indeed, BYT has an unfortunate and well-documented history of plagiarism.  In March 2013, news broke that then BYT managing editor Logan Donaldson had severely plagiarized—on numerous occasions—from various sources in writing for BYT.  In response, Ms. Legetic wrote that BYT had a strong non-plagiarism policy.  She ultimately asked Mr. Donaldson to resign, although she initially stated that she would not pursue such action.  BYT then released a statement in which it said, "BYT has always had a deep commitment to original and creative content from day one and the discovery of plagiarism on our website has deeply affected us."  In that same statement, BYT also said it would perform an "exhaustive internal audit to ensure this is not a repeated occurrence, as well as putting in place the necessary systems that this does not repeat itself in the future."  Despite these alleged "systems" and BYT's alleged "commitment to original and creative content," Defendants have—on information and belief—violated federal law by willfully infringing Plaintiff's copyright.

12.     On February 28, 2013, Defendants reproduced, distributed, and publicly displayed the Photo on the Website.  The page on which the Photo appeared is entitled "DC NEWS YOU CAN (MAYBE) USE," and it provides a list of various things happening in and around D.C. that readers "may care to get all riled about."  Included in that list of seven items is the Photo accompanied by the words, "How to Celebrate National Chili Day in D.C."  The Photo is unedited and appears prominently, occupying a very sizable portion of the page.  Aside the list of items appears the name of the page's author: "Logan."  On information on belief, this author is none other than Logan Donaldson, the man who was forced to resign just one month later due to his exposed history of rampant plagiarism.  Indeed, by clicking the author's hyperlinked name a viewer can see a list of his latest contributions to the Website, the latest of which occurred on March 31, 2013, the very same week that Logan Donaldson was forced to resign from BYT.  Moreover, despite BYT allegedly performing an "exhaustive internal audit" after the March 2013 plagiarism scandal to rid the Website of plagiarized work, Plaintiff discovered the Photo on the

Website in August 2013. Until Defendants finally removed the Photo on August 22, 2013 upon Plaintiff's request, Defendants prominently displayed the Photo on the Website without permission, consent, or license from Plaintiff, the rights holder to the Photo.

13. In the marketplace, photographs of landmarks can carry tremendous monetary value. Plaintiff licenses his photographs to those desiring to use his striking shots of urban life and historic institutions like Ben's, but not without reasonable payment for the use thereof. On each of the photos listed on Plaintiff's website, Plaintiff includes a prominent watermark that reads, "©justingreen19." Moreover, at the bottom of every page on the website are the words, "© Justin Green Photography," and the "Information" page of the website unambiguously states, "All photos are © All Rights Reserved and are not to be used in anyway [sic] without my prior knowledge." Unfortunately, Defendants ignored these clear notices and their actions irreparably harmed the Photo's value.

14. On information and belief, Defendants have driven massive traffic to the Website in large part due to the presence of intriguing photographs of Washington D.C.'s hottest establishments. This traffic translates into Defendants' significant ill-gotten commercial advantage and revenue generation derived directly from their infringing actions.

15. It appears that Defendants deliberately casual approach to presenting stories, while wildly popular with the general public, sacrifices respect for the intellectual property of others. Perhaps Defendants perceive this disregard for the law as a small price to pay for the ability to operate BYT in a particular, admittedly successful manner. Regardless, the fact remains that Defendants used Plaintiff's intellectual property without payment or permission, even after allegedly thoroughly inspecting the Website for plagiarism. BYT is unfortunately all too aware that such actions have legal consequences.

/ / /
/ / /
/ / /
/ / /

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

16. Plaintiff incorporates by reference the allegations in paragraphs 1 through 15 above, as though fully set forth herein.

17. Plaintiff is the owner of the copyright to the Photo, which substantially consists of material wholly original with Plaintiff and which constitutes copyright subject matter under the laws of the United States. Plaintiff has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Photo has been timely registered with the United States Copyright Office. Attached hereto as **Exhibit B** is a true and correct copy of the Photo's original registration certificate.

18. Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, on information and belief, will again infringe Plaintiff's copyright by reproducing, displaying, distributing, and utilizing Plaintiff's copyrighted photograph for purposes of trade in violation of 17 U.S.C. § 501 *et seq.* Attached hereto as **Exhibit C** is a true and correct copy of Defendants' act of infringement.

19. Defendants have willfully infringed, and unless enjoined, on information and belief, will again infringe Plaintiff's copyright by knowingly reproducing, displaying, distributing, and utilizing Plaintiff's copyrighted photograph for purposes of trade.

20. These acts of infringement are willful because, *inter alia*, Defendants are sophisticated and have full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation. Defendant BYT's nature as a "mini-empire" that has achieved widespread fame and success as the host of both popular news and trendy events strongly suggests familiarity with at least the most basic parameters of copyright law.

21. The willfulness of Defendants' infringement is also evidenced by the fact that Defendants continued to infringe Plaintiff's copyright *even after* news of BYT's plagiarism scandal broke. BYT said that "the discovery of plagiarism on our website has deeply affected us." BYT said it would perform an "exhaustive internal audit to ensure this is not

a repeated occurrence," and "[put] in place the necessary systems that this does not repeat itself in the future." Whether Defendants truly took such precautions or they merely promised to do so to avoid further criticism, the fact remains that Defendants' infringement of Plaintiff's copyright persisted before, during, and well after Defendants' alleged response to the plagiarism controversy. Moreover, this act of infringement could not have been more conspicuous: the author of the page on which the Photo appears is none other than the *very individual* responsible for countless acts of plagiarism in the March 2013 scandal. At the very least, Defendants "exhaustive internal audit" should have ensured that all *his* contributions to the Website were free of infringement. But Defendants clearly did not take that most preliminary step. Defendants' infringement of Plaintiff's photo is therefore willful.

22. Defendants, despite such copyright notice and terms of use, reproduced, publicly distributed, and publicly displayed the Photo on the Website.

23. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution, and utilization of the Photo for purposes of trade, including increasing the traffic to the Website and, thus, increasing the advertising fees realized.

24. The actions of Defendants were performed without Plaintiff's permission, license, or consent.

25. The wrongful acts of Defendants have caused great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Plaintiff will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrighted works.

26. As a result of the acts of Defendants alleged herein, Plaintiff has suffered substantial damage to his business in the form of diversion of trade, loss of profits, injury to

7
COMPLAINT

goodwill and reputation, and the dilution of the value of his rights, all of which are not yet fully ascertainable.

27. Because of the brazenly willful nature of the copyright infringement, Plaintiff is entitled to an award of statutory damages equal to $150,000 per act of infringement.

28. Alternatively, at Plaintiff's discretion, Plaintiff is entitled to actual damages in an amount to be proven at trial.

29. Plaintiff is also entitled to attorney's fees in prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. that Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff's rights in Plaintiff's copyrighted works;

2. that Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c), and for costs, interest, and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

3. for an accounting for all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyright pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

4. for an order requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse

Plaintiff for all damages suffered by Plaintiff by reason of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

5. for actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

6. for reasonable attorney's fees incurred herein pursuant to 17 U.S.C. § 505;

7. for costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b); and

8. for any such other and further relief as the Court may deem just and appropriate.

Dated: February 26, 2014                    **ONE LLP**

                                            By: /s/ Nima Kamali
                                                Nima Kamali
                                                Attorneys for Plaintiff, Justin Green

9
**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff Green hereby demands trial by jury of all issues so triable under the law.

Dated: February 26, 2014

**ONE LLP**

By: /s/ Nima Kamali
Nima Kamali
Attorneys for Plaintiff, Justin Green